# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDULJABBAR ABDUL MALIK,

    Plaintiff,

    v.

CABOT OIL & GAS CORPORATION,

    Defendant.

CIVIL ACTION NO. 3:CV-15-739

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the Complaint filed by Plaintiff Abduljabbar Abdul Malik ("Malik"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff commenced this action on April 15, 2015.  Plaintiff alleges that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (*Compl.,* ¶ 4.)  Plaintiff is alleged to be an "individual residing" at 926 Bloomfield Avenue, Glen Ridge, New Jersey.  (*Id*. at ¶ 1.)  Defendant Cabot Oil & Gas Corporation ("Cabot") is alleged to be "a foreign corporation with a principal place of business" at Three Memorial City Plaza, 840 Gessner Road, Suite 1400, Houston, Texas. (*Id*. at ¶ 2.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.,* 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Plaintiff

alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.    Citizenship of Plaintiff**

The Complaint fails to adequately allege the citizenship of Plaintiff Malik.  For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)

(citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Malik is currently "residing" in New Jersey, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  To properly plead diversity, Plaintiff must allege his state of citizenship, not merely his state of residence.  As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

**B.   Citizenship of Defendant**

Plaintiff also fails to correctly plead the citizenship of Defendant Cabot.  A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business").  A corporation's principal place of

3

business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, the Complaint only includes facts to where Cabot has *a* principal place of business. But, to properly plead the citizenship of this corporation, Plaintiff must allege where Cabot has *its* principal place of business and the state in which it is incorporated. Because the Complaint does not contain these facts, the Court cannot determine whether there is proper jurisdiction over this action.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists. Plaintiff will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.

| | |
|---|---|
| April 20, 2015 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

4